NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SCHERING-PLOUGH ERISA LITIGATION | **Hon. Dennis M. Cavanaugh** |
| | **OPINION** |
| THIS DOCUMENT RELATES TO ALL CASES | Civil Action No. 08-CV-1432 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Schering-Plough Corp. ("Schering"), Schering-Plough Products LLC, Schering-Plough Del Caribe, Inc., Vincent Sweeney, Fred Hassan, Robert J. Bertolini, Hans W. Becherer, C. Robert Kidder, Philip Leder, Eugene McGrath, Carl E. Mundy, Jr., Antonio M. Perez, Patricia F. Russo, Jack L. Stahl, Dr. Craig B. Thompson, Robert F.W. Van Oordt, Arthur F. Weinbach, and Kathryn C. Turner (collectively, "Defendants") to dismiss Plaintiffs' claims under the Employee Retirement Income Security Act ("ERISA") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that Defendants' motion to dismiss is **granted** without prejudice, and that Plaintiffs shall have thirty days to file an amended complaint.

I.    BACKGROUND

Plaintiffs Michael M. Gradone and Maureen Sabatella ("Plaintiffs") bring claims pursuant to Sections 502(a)(2) and (a)(3) of ERISA, alleging that Defendants breached their fiduciary duties owed to participants under the Schering-Plough Employees' Savings Plan (the "Savings Plan") and the Schering-Plough Puerto Rico Employees' Retirement Savings Plan (the "Puerto Rico Plan," and, collectively, the "Plans"). Specifically, Plaintiffs allege that, during the class period October 31, 2007 to April 2, 2008, Defendants had knowledge of the adverse ENHANCE clinical study results and thus knew or should have known that Schering stock was an imprudent investment alternative for the Plans. Plaintiffs also allege that Defendants had knowledge of and played an active role in improper business activities that allowed Schering to artificially inflate and manipulate its earnings.

The initial Complaint was filed in this Court on March 19, 2008, and an Amended Complaint was filed on May 14, 2008. This matter was consolidated with Oettinger v. Schering-Plough Corp., No. 08-CV-2436, on June 27, 2008. A Consolidated Class Action Complaint was filed on October 14, 2008, raising claims for breach of various fiduciary duties, including: (1) duty of prudence and loyalty; (2) duty to provide complete and accurate information to participants and beneficiaries; (3) duty to monitor fiduciaries; (4) duty to avoid conflicts of interest; and (5) co-fiduciary liability.

II.    **Discussion**

Before the Court is Defendants' motion to dismiss the Consolidated Class Action Complaint. Defendants argue that claims against the Puerto Rico Plan should be dismissed due

to Plaintiffs' lack of standing, and that all remaining fiduciary claims should be dismissed because Plaintiffs failed to overcome the presumption that investing in the Schering-Plough Stock Company Fund was prudent, and because, alternatively, Plaintiffs failed to adequately allege that most of the Defendants acted as fiduciaries under ERISA.  Defendants also raise a series of arguments for dismissing the misrepresentation, disclosure and conflict of interest claims, as well as the co-fiduciary and monitoring liability claims.

Plaintiffs' claims are substantially based upon the allegation that Defendants had advance knowledge of the ENHANCE study results.  At the motion to dismiss stage, courts are required to accept well-pleaded factual content as true, but need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Here, the Court finds that the Complaint contains insufficient factual allegations to support the finding that Defendants had knowledge of the ENHANCE study results prior to their unblinding in December 2007.  Instead, Plaintiffs rely entirely on conclusory allegations such that, for example, Defendants "knew the negative results" but "secreted [them] until January 14, 2008," and that Defendants "possessed enough information about the study's results to know that the study did not support Schering's claims to Vytorin's superior efficacy." Indeed, it appears that the only time Plaintiffs allege any factual content in support of their claim of knowledge is their allegation that Defendants knew of the results by October 31, 2007 "because the Company was contemplating by that date to change the study endpoint and to further delay publishing those results."  The Court is required, however, to determine whether the well-pleaded factual content "permit[s] the court to infer more than a mere possibility of

misconduct." Id. Here, the Court finds that Plaintiffs have failed to adequately allege that Defendants had knowledge of the ENHANCE study results. See, e.g., Edgar v. Avaya, Inc., 503 F.3d 340, 348 (3d Cir. 2007) (finding "bare allegations of fraud and other wrongdoing" insufficient to establish an abuse of discretion).

Nonetheless, the Court is mindful that it has recently dealt with this issue at the motion to dismiss stage in a series of related cases involving Vytorin and the ENHANCE clinical trial, and that, in those cases, the Court found that knowledge of the ENHANCE study results had been adequately pled. Not wishing to place form over substance, the Court will therefore grant Defendants' motion to dismiss in this case without prejudice, and grant Plaintiffs leave to amend the Complaint within thirty days.

III.   CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **granted** without prejudice, and that Plaintiffs shall have thirty days to file an amended complaint. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:      August 3/ , 2009
Orig.:     Clerk
cc:        All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File

-4-