UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SCHERING- PLOUGH CORP. ENHANCE ERISA LITIGATION | Civil Action No. 08-CV-1432 (DMC) |
| This Document relates to: THE CONSOLIDATED ERISA ACTION | |

### [~~PROPOSED~~] ORDER AND FINAL JUDGMENT

This Action[1] involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the Schering-Plough Employee's Savings Plan and the Schering-Plough Puerto Rico Employees' Retirement Savings Plan (the "Plans").

This matter came before the Court for a hearing pursuant to the Order of this Court entered on February 16, 2012 (Docket No. 135), on the application of the Plaintiffs for approval of the Settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), executed by counsel on February 10, 2012 on behalf of the Parties. Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.  By Order dated February 16, 2012, this Court certified a settlement class in this Action consisting of all Participants and/or beneficiaries of the Plans whose individual accounts

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Settlement Agreement.

689019

included investment in the Schering-Plough Common Stock Fund from April 19, 2007 through April 2, 2008 (the "Class Period"). Excluded from the Settlement Class are the individual named defendants in the Action ("Individual Defendants"), members of Schering-Plough's Board of Directors at any time during the Class Period, members of Individual Defendants' immediate families, Individual Defendants' legal representatives, heirs, successors or assigns, and any entity in which any Individual Defendant has or had a controlling interest." (Docket No. 135).

2.   This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all members of the Settlement Class.

3.   On March 30, 2012, more than 13,000 copies of the Class Notice were mailed to Class members, either by electronic mail or by United States mail, first-class postage prepaid.

4.   In accordance with the Court's Preliminary Approval Order, the Class Notice was posted on the Internet website of the Settlement Administrator.

5.   In accordance with the Court's Preliminary Approval Order, the Class Notice was published in *USA Today* on April 9, 2012.

6.   The Class Notice: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and who could be identified through reasonable effort; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable laws. The Class Notice fully informed Settlement Class members of their rights with respect to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses.

7. Defendants satisfied any obligations they had under the Class Action Fairness Act, 28 U.S.C. § 1715.

8. The Complaint is dismissed with prejudice including, and any and all actions, causes of action, claims, damages, demands, duties, issues, judgments, liabilities, losses, matters, obligations, proceedings, and rights of every nature and description whatsoever, whether based on law or equity, on federal, state, local, statutory or common law or any other law, rule or regulation (whether foreign or domestic), including both known and Unknown Claims (as defined in the Settlement Agreement), accrued claims and not accrued claims, foreseen claims and unforeseen claims, matured claims and not matured claims, suspected or unsuspected, fixed or contingent and whether or not concealed or hidden, that have been or could have been asserted against any of the Defendant Releasees in their individual or corporate capacities or in their capacities as the Plans' fiduciaries, from the beginning of time to the entry of the Final Order by or on behalf of Plaintiff Releasees or on behalf of the Plans in the Action that arise out of, are based upon, or relate in any way to (a) the allegations, claims, causes of action, facts, transactions, events, matters, occurrences, acts, disclosures, statements, omissions, or failures to act that were or could have been asserted in the Action or that arise out of or relate in any way to the resolution of the Action including the Settlement Agreement, and/or (b) any claims concerning Vytorin, Zetia, and/or the ENHANCE trial relating to shares purchased in the Plans. Nothing herein shall release any claims by Defendants for insurance coverage.

9. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

10. The Court finds that the Settlement is fair, just, reasonable, and adequate as to each member of the Settlement Class, the Plaintiffs, and the Plans, and that the Settlement

689019

Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

11.     The Settlement is supported by a determination from the Independent Fiduciary that the Settlement Agreement is authorized by, and is appropriate for, the Plans. This Court finds that the Settlement complies with the terms of the Department of Labor's Class Exemption, PTE 2003-39, as amended, and does not constitute a "prohibited transaction" under ERISA.

12.     The Settlement Agreement complies with Internal Revenue Service Revenue Ruling 2002-45, 2002-2 C.B. 116 (June 26, 2002), and the Class Settlement Amount is a restorative payment.

13.     Plaintiff Releasees are deemed to have, and by operation of the Judgment shall have, absolutely and unconditionally released and forever discharged the Defendant Releasees from the Released Claims that Plaintiff Releasees indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have, except that this release shall not include claims relating to the covenants or obligations set forth in the Settlement Agreement.

14.     Merck & Co., Inc. and the Individual Defendants, for themselves and to the greatest extent permitted by applicable law, on behalf of the other Defendant Releasees, are deemed to have, and by operation of this Judgment have absolutely and unconditionally released and forever discharged the Plaintiff Releasees from any and all Released Claims, except that this release shall not include claims relating to the covenants or obligations set forth in the Settlement Agreement or the Confidentiality Stipulation and Protective Order.

15.     Plaintiff Releasees are hereby forever barred and enjoined from commencing or prosecuting any action that purports to challenge the mechanics of the distribution of the Settlement Fund or Plan of Allocation (or amounts distributed thereunder), or that asserts any of

the Released Claims against any of the Defendant Releasees, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, or otherwise, in any local state or federal court, or in any agency or other authority or forum wherever located. Any person who knowingly violates this injunction shall be required to pay the costs and attorneys' fees incurred by the Defendant Releasees as a result of the violation.

16. Nothing in the Settlement Agreement shall cause the Plans to fail to comply with Section 404(c) of ERISA or the regulations promulgated thereunder.

17. The Plan of Allocation is approved as fair and reasonable. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received in evidence against Defendants or Defendant Releasees in any civil, criminal or administration action or proceeding, except (a) to enforce this Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order, or (b) in any action or proceeding where the Releases provided pursuant to the Settlement Agreement may serve as a bar to recovery, or (c) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action. The Settlement Agreement, including drafts, does not constitute, and shall not be deemed to be, a concession or admission by any of the Defendants or Defendant Releasees of any liability, fault, negligence, omission, fiduciary status under ERISA, or wrongdoing of any kind in this or any other proceeding. The Settlement Agreement, including drafts, shall not be offered or received against Defendants or Defendant Releasees as evidence of, a presumption, concession or admission of any liability,

fault, negligence, omission, fiduciary status under ERISA, or wrongdoing of any kind, or of any infirmity of any of Defendants' defenses, or the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted.

19. Class Counsel is hereby awarded attorneys' fees in the amount of $4,079,250.00, which the Court finds to be fair and reasonable, and $112,207.20 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid out of the Settlement Fund, pursuant to Section 13 of the Settlement Agreement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

20. The Plaintiffs are each hereby awarded incentive awards as follows: $10,000.00 for plaintiff Gradone and $5,000.00 for plaintiff Davis. The incentive awards shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement.

21. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, and the incentive awards to the Plaintiffs, the Court has considered and found that:

 (a) The Settlement achieved as a result of the efforts of Class Counsel has created a Settlement Fund of $12,250,000.00 in cash that is already on deposit, plus interest thereon;

 (b) In accordance with the Court's Preliminary Approval Order, over 13,000 copies of the Class Notice were disseminated to Settlement Class members, and Summary Notice was published in *USA Today*. The Class Notice and Summary Notice informed Settlement Class Members that Class Counsel were moving for attorneys' fees in the amount of up to one

third of the Settlement Fund, for reimbursement of litigation expenses from the Settlement Fund of up to $200,000.00, and for an incentive award to the Plaintiffs of up to $15,000.00 for the Plaintiffs.

(c) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) The Action involves complex factual and legal issues prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Plaintiffs and the Settlement Class may have recovered less or nothing from the Defendants;

(f) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases;

(g) The Plaintiffs rendered valuable service to the Plans and to all the Plans' Participants. Without this participation, there would have been no case and no Settlement.

22. There have been no objections to any aspect of the Settlement, including the Plan of Allocation, Class Counsel's request for fees, Class Counsel's request for expenses, or the incentive award to the Plaintiffs.

23. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the

Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

24. The Court finds that during the course of the litigation, the Plaintiffs and the Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

25. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or in the event that the Settlement Fund, or any portion thereof, is returned to Schering-Plough, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

26. Final judgment shall be entered herein, with prejudice.

SO ORDERED this 31 day of May, 2012.

_____
THE HONORABLE DENNIS M. CAVANAUGH
UNITED STATES DISTRICT JUDGE